**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN TUCKER, | No. 22-16558 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 4:17-cv-00192-CKJ |
| DON VERRETT, NICOLE STUDER, PAM JENSEN, JOHN MARCH, and RICHARD ZORMEIER, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted March 18, 2024**
San Francisco, California

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Pro se Plaintiff-Appellant Steven Tucker appeals from the district court's

entry of summary judgment in favor of Defendants-Appellees. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We review de novo a district court's decision to grant

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment based on qualified immunity. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). We affirm.

The district court did not err in holding that Defendants-Appellees were entitled to qualified immunity. Tucker has not presented any caselaw from the Supreme Court, this court, or a consensus of other courts clearly establishing a rule that a parolee is required to re-sign existing home-arrest conditions for the conditions to remain in effect upon his status change to parole. *See Martinez v. City of Clovis*, 943 F.3d 1260, 1275 (9th Cir. 2019). Even if Tucker had shown a clearly established right, Defendants-Appellees are still entitled to qualified immunity because they maintained "a reasonable but mistaken belief that [their] conduct was lawful." *Wilkins v. City of Oakland*, 350 F.3d 949, 955 (9th Cir. 2003). Both Tucker and his parole officer acted as though Tucker's home-arrest conditions applied after his parole, and parole officials reasonably believed that Tucker was in violation of Special Condition 13 after searching Tucker's home and finding what appeared to be pornography on his tablet. *See United States v. Rabb*, 752 F.2d 1320, 1324 (9th Cir. 1984), *abrogated in part on other grounds by Bourjaily v. United States*, 483 U.S. 171 (1987).

Given that Defendants-Appellees were entitled to qualified immunity, we need not reach the question of whether the district court erred in holding that Defendants-Appellees Studer and Jensen were entitled to absolute immunity.

**AFFIRMED.**